FARMER *et al. v.* MEDICO-LEGAL JOURNAL ASS'N *et al.*

(*City Court of New York, General Term.* November 4, 1889.)

CONTRACT—MUTUAL ASSENT—COMPROMISE.
    Where the holders of a note agree with the indorser to 'accept a certain sum in full of their claim against it, and it appears that the intention of the holders was to release the indorser, but to reserve the right to collect the balance of the note from the maker, while the indorser intended to compromise its liability, and repossess itself of the note, there is no contract between the parties, and payment of the sum agreed on is not an accord and satisfaction as to either indorser or maker.

Appeal from trial term.

Action by Aaron D. Farmer and others against the Medico-Legal Journal Association and the Railway & General Printing Company on a promissory note. The court directed judgment for plaintiffs, and defendants appeal.

*Clark Bell* and *Roger Foster*, for appellants. *Thornton, Earl & Kiendl,* for respondents.

PER CURIAM. The action is on a promissory note made by the Medico-Legal Journal Association to the order of the Railway & General Printing Company, and by it indorsed and delivered to the plaintiff. It is dated November 5, 1887, and fell due March 8, 1888. Prior to the maturity of the note, to-wit, in the early part of February, 1888, the Railway & General Printing Company found itself embarrassed, and the plaintiffs agreed to accept from it 50 cents on the dollar in settlement of their claim against the Railway & Printing Company. The latter company was willing to settle on this basis, and, after the present action was commenced, sent an indorsed note according to the terms of the compromise. The plaintiffs' attorneys accepted the note, and $15 taxable costs, and returned a consent discontinuing the action against the Railway & Printing Company. The latter declined to accept the discontinuance unless it embraced the Medico-Legal Journal Association (the maker of the note in suit) as well. This the plaintiffs declined to do, claiming that the proposed compromise was merely to release the Railway & Printing Company from its liability, but was not to discharge the Medico-Legal Journal Association. The costs were thereupon returned, and the action proceeded to trial, both defendants pleading the alleged compromise in defense as an accord and satisfaction.

We hold that what occurred falls short of an executed accord and satisfaction. The Railway & Printing Company evidently intended to compromise its liability for 50 cents on the dollar, and to repossess itself of the note in suit at the same time. The plaintiffs evidently intended to release the Railway & Printing Company from liability as indorser for 50 cents on the dollar; reserving its right to collect the balance from the Medico-Legal Journal Association, the maker of the note. When it was ascertained that the parties had not united in the same understanding, the compromise was abandoned, and the parties were restored to their former position. A misunderstanding such as occurred here does not make a contract. Indeed, the elementary books lay it down as a legal axiom that there is no contract unless the parties thereto assent to the same thing, and in the same sense, and that a proposition becomes a contract only when it is met by an acceptance which corresponds with it entirely and adequately. An indorser on a note may lawfully effect a discharge from liability by the consent of the creditor without at all impairing the remedies of the latter against the principal debtor,—the maker,—or he may arrange that the creditor shall enforce the obligation as against the maker

for any sum due by the latter, returning the overplus after paying the cred-
itor's demand against the indorser; the creditor being, in respect to the
amount due to himself, an owner, and, in respect to the overplus, a trustee of
an express trust for the benefit of the indorser; or the latter may agree with
the creditor that the sum paid to the latter for the indorser's discharge shall
operate as a payment *pro tanto*, as none of these arrangements work any
prejudice to the principal debtor, in respect to whom the indorser is a mere
surety, and as between whom the surety is entitled to full payment of the ob-
ligation. As it is evident, the minds of the contracting parties did not meet;
there was no valid, executed accord and satisfaction of the note in suit; and
the judgment directed by the trial judge must be affirmed, with costs.